UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARTOLO MEDICAL SALES, INC.
and LEVELOX, INC.,

    Plaintiffs,

v.                                      Case No. 8:22-cv-02307-SDM-AEP

3B MEDICAL, INC.,

    Defendant.
_____/

## ORDER

This cause comes before the Court upon the Defendant's Motion for Sanctions (Doc. 70), Defendant's Amended Motion for Sanctions (Doc. 78), Plaintiffs' Motion to Strike Defendant's Amended Motion for Sanctions (Doc. 81), and Plaintiff's Motion to File Document Under Seal as an Exhibit to Plaintiffs' Response in Opposition to Defendant's Motion for Sanctions (Doc. 84). Plaintiffs filed a Response to Defendant's Motion for Sanctions (Doc. 83), and Defendant filed a Response to Plaintiffs' Motion to Strike (Doc. 90). This Court held a hearing on the above motions on May 14, 2024 (Docs. 93–94). For the following reasons, the Amended Motion for Sanctions ("Motion") (Doc. 78) is GRANTED.

    **I.**     **Background**

Plaintiffs served as sales representatives of Defendant from 2013 until their termination in September 2021 (Doc. 78, at 5). This case arises from Plaintiffs' allegation that Defendant owes to them certain unspecified commissions (Doc. 78,

at 5). On November 22, 2022, Defendant served both Plaintiffs with first sets of document requests (Doc. 78, at 5). Among other things, Defendant's requests asked for all documents and communications in Plaintiffs' possession that relate to the parties' agreement, support Plaintiffs' claims to sales commissions, and show Plaintiffs' monthly sales on behalf of Defendant (Doc. 78, at 5–6). Plaintiffs failed to respond to these requests by the December 22, 2022, deadline (Doc. 78, at 6).

On February 21 and 22, 2023, Steven Knight and Domenic Bartolo, respective owners of Plaintiff corporations, testified at their individual depositions that they were not aware of any document requests at that time but that they were in possession of additional responsive documents (Doc. 78, at 6). Approximately forty documents were provided at those depositions (Doc. 78, at 6). In subsequent email communications, Plaintiffs' counsel asserted that all documents responsive to the requests had already been produced at the depositions despite the deponents' testimonies (Doc. 78, at 6). Defendant's counsel noted that Plaintiffs are obligated to perform a reasonable and complete search, and not merely provide select documents that the deponents believed to be relevant (Doc. 78, at 6). In response, Plaintiffs' counsel stated "[m]y clients are not lawyers, and they have conducted a reasonable search for responsive documents, as noted in their discovery responses. I will inquire again as to whether they have found any additional documents and keep you posted" (Doc. 78-7, at 2).

Defendant filed a motion to compel on April 3, 2023 (Doc. 22). This Court held a hearing on the matter on May 11, 2023 (Docs. 33, 36). At the hearing,

Plaintiffs' counsel reiterated that his clients are not attorneys and not familiar with precise terms but "did search their records" (Doc. 78-9, Hearing Transcript at 11:12-17). This Court responded "I don't expect any client to understand those terms. That's your obligation, to work with your clients, to explain to them their obligations for discovery; more importantly, your obligation to ensure that a reasonable search and production is made by the certification under 26(g)" (Doc. 78-9, Hearing Transcript at 12:7-11). The following exchange between this Court and Plaintiffs' counsel resulted from Plaintiffs' counsel stating that his clients had searched their records:

> **The Court:** [Defendant's counsel] is highlighting, which gives me some pause, because he's highlighting a very valid point, which is your clients apparently, which I don't know, but have testified at a deposition that they did not do a search and only came to the deposition with certain documents, which is now the only documents that they are relying upon in their production. That may all well [] be accurate, but I do not want to wind up in a situation [Plaintiffs' counsel] – which is why I'm giving you the chance to clarify whether this is a complete search in production, because if I accept that certification and we go down further in this litigation and [Defendant's counsel] comes forward later with an e-mail that is on their server that should have been produced as a result of the motion to compel and the discovery requests and was not produced, then that is going to open up a very bad path that none of us want to go down. So I need to know, are you indicating that the search has been done and you have produced all responsive documents to the discovery requests?
> **Plaintiffs' counsel:** That's what I'm saying. That's what I've been told, that we – that they've produced their records . . .
> **The Court:** [Plaintiffs' counsel], I want to highlight – I am very concerned about what you just said there. It's not what you are told. You are the lawyer on this case. I've just allowed you to admit and appear before this Court pro hac. By signing off on that 26(g) certification you are personally certifying, which means then you will be subject to sanctions, that you are certifying that the production is a reasonable production based upon a reasonable search. So if you are simply going to rely upon the statements of your clients, that is

3

> something that you're doing at your peril. You need to tell the Court that you are satisfied that all relevant information has been searched and whatever needs to be produced has been produced as a responsive discovery.
> **Plaintiffs' counsel:** That's what I'm saying, Your Honor.

(Doc. 78-9, Hearing Transcript at 16:23-18:8). This Court accepted the representation from Plaintiffs' counsel and issued an order stating "Plaintiffs' counsel certified on the record the discovery is complete. Accordingly, the Motion to Compel (Doc. 22) is denied without prejudice" (Doc. 34).

Despite Plaintiffs' counsel's certification on May 11 that "the production is a reasonable production based upon a reasonable search," Plaintiffs have since produced thousands of documents and communications upon Defendant's further document requests in August 2023, September 2023, and April 2024 (Doc. 78). Additionally, on February 1, 2024, Plaintiff's company representative Mr. Bartolo testified in his deposition that he had only produced "whatever emails [that] jump[ed] out to me" in response to Defendant's document requests (Doc. 78-14, at 7). Further, Mr. Bartolo stated that he had not even gone through all of the emails when searching for responsive communications and documents (Doc. 78-14, at 7).

## II. Discussion

Defendant argues that Plaintiffs' counsel has violated the certification requirement of Rule 26(g), and therefore sanctions are mandatory under Rule 26(g)(3). Rule 26(g)(1) generally requires discovery disclosures and responses to be signed by a represented party's attorney. Fed. R. Civ. P. 26(g)(1). That signature constitutes a certification that to the best of the person's knowledge, information

and belief formed after a reasonable inquiry, "the response is complete and correct and that any objection is consistent with the federal rules and law, is not interposed for any improper purpose, and is not unreasonable." *Steed v. EverHome Mortg. Co.*, 308 Fed. Appx. 364, 371 (11th Cir. 2009). The "reasonable inquiry" that attorneys are required to make must include an "effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand." *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1305 (11th Cir. 2003) (quoting Fed. R. Civ. P. 26(g) Advisory Committee's Notes)). In making the reasonable inquiry, the attorney may rely on assertions by the client as long as that reliance is appropriate under the circumstances. Fed. R. Civ. P. 26(g) Advisory Committee's Notes. Although attorneys may rely on representations of their clients, they cannot do so blindly. *Matter of Skanska USA Civ. Se. Inc.*, No. 3:20-CV-05980-LC/HTC, 2021 WL 4953239, at *3 (N.D. Fla. Aug. 5, 2021). It is counsel's obligation to take affirmative steps to monitor compliance so that all sources of discoverable information are identified and searched. *Id.* at *3 (internal citations and quotation marks omitted). "Ultimately, what is reasonable is a matter for the court to decide on the totality of the circumstances," but in any case, must include an "effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand." Fed. R. Civ. P. 26(g) Advisory Committee's Notes.

Under Rule 26(g) and the Advisory Committee's Notes, attorneys need not micromanage their client's investigation for records responsive to discovery

requests, but they must still ensure that their client's actions constitute a reasonable search. *See Venator v. Interstate Res., Inc.*, No. CV415-086, 2016 WL 1574090, at *10 (S.D. Ga. Apr. 15, 2016); *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1334 (S.D. Fla. 2007). Here, Plaintiffs failed to conduct a reasonable search and Plaintiffs' counsel did not take appropriate steps to ensure a reasonable search was performed. At the hearing on the Motion, this Court asked Plaintiffs' counsel to specifically explain the search methodology employed by Plaintiffs (Doc. 94, at 1:11:30-1:11:40). Plaintiffs' counsel responded that he had a conversation with Plaintiffs about the discovery requests and asked Plaintiffs to look at documents in their possession that were responsive for Plaintiffs' counsel can produce them to Defendant (Doc. 94, at 1:11:41-1:12:06). When this Court asked Plaintiffs' counsel how Plaintiffs searched their emails, Plaintiffs' counsel responded that "they searched the emails by just looking through them" (Doc. 94, at 1:12:11-1:12:17). Plaintiffs' counsel provided no additional details as to how the search methodology was controlled. Mr. Bartolo's deposition testimony that he had produced "whatever emails [that] jump[ed] out to me" further substantiates the haphazard search methodology. Notably, Defendant has also independently identified, by performing a key word search, relevant and responsive documents to its requests that should have been produced by Plaintiffs earlier than April 2024 (Doc. 94, at 1:02:39-1:03:07).

      Based on Plaintiffs' counsel's representations to this Court at the May 2023 hearing, in the Response to the instant Motion, and at the May 2024 hearing, it is

abundantly clear that Plaintiffs did not employ an appropriate search methodology, and Plaintiffs' counsel's reliance on Plaintiffs' unsupervised search was not appropriate under these circumstances. *See* Fed. R. Civ. P. 26(g) Advisory Committee's Notes. Thus, Plaintiffs' counsel's certification was not supported by a reasonable inquiry, in violation of Rule 26(g). As a result, sanctions are warranted in this instance. *See* Fed. R. Civ. P. 26(g)(3) ("If a certification violates this rule without substantial justification, the court . . . must impose an appropriate sanction . . . .").

### III. Conclusion

Accordingly, it is hereby

ORDERED:

1. Defendant's Amended Motion for Sanctions (Doc. 78) is GRANTED as follows:

    a. Within 30 days of the date of this Order, Defendant must review Plaintiffs' April supplemental production and be prepared to inform this Court at the status conference scheduled for July 8, 2024, if Defendant needs to conduct any additional depositions based on the relevance and prior nondisclosure of Plaintiffs' April production.

    b. Within 10 days of the date of this Order, the parties are directed to confer and provide this Court with proposed extensions for the discovery and subsequent scheduled deadlines.

      c. Defendant's request for an order compelling Plaintiffs to provide all of their ESI to a third-party vendor to facilitate searching and production at Plaintiffs' expense is DENIED WITHOUT PREJUDICE.

      d. Pursuant to Rule 26(g)(3), Plaintiffs are ordered to pay the fees related to the Motion and associated hearing on May 14, 2024. The amount of such fees is to be determined at the conclusion of the case.

      e. Plaintiffs' counsel is directed to serve this Order upon Plaintiff.

2. Defendant's Motion for Sanctions (Doc. 70) is DENIED AS MOOT in light of the ruling on Defendant's Amended Motion for Sanctions (Doc. 78).

3. Plaintiffs' Motion to Strike Defendant's Amended Motion for Sanctions (Doc. 81) is DENIED AS MOOT in light of the ruling on Defendant's Amended Motion for Sanctions (Doc. 78).

4. Plaintiff's Motion to File Document Under Seal as an Exhibit to Plaintiffs' Response in Opposition to Defendant's Motion for Sanctions (Doc. 84) is DENIED WITHOUT PREJUDICE as irrelevant based on this Court's finding that Plaintiffs' search was inadequate and in accordance with the ruling on Defendant's Amended Motion for Sanctions (Doc. 78).

DONE AND ORDERED in Tampa, Florida, on this 20th day of May, 2024.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

9